UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MARYLAND
*Northern Division Office*

| | | |
|---|---|---|
| MOHAMMED MANZOOR AHMED </br> 1909 Winder Rd, </br> Windsor Mill, MD 21244 </br> Plaintiff </br> </br> v. </br> </br> KRISTI NOEM, in her official capacity, </br> Secretary, U.S. Department of Homeland Security; </br> JOSEPH B. EDLOW, in his official capacity, </br> Director, U.S. Citizenship and Immigration Services; </br> 2707 Martin Luther King Jr. Ave, SE </br> Washington, DC 20528-0485 </br> </br> PAM BONDI, in her official capacity, </br> Attorney General, Office of Attorney General, </br> U.S. Department of Justice; </br> 950 Pennsylvania Avenue, NW </br> Washington, DC 20530-0001 </br> </br> Defendant(s). | ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) | Civil Action No: 1:26-cv-928 |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS, VIOLATION OF THE APA, AND PETITION FOR NATURALIZATION
UNDER 8 USC §1447(b)**

Sadaf F. Ahmed, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 3701 W. Algonquin Road,

Suite 630, Rolling Meadows, Illinois 60008, Ph: 312-767-9030, Facsimile: 312-767-9030,

Email: sadaf@jeelani-law.com.

## INTRODUCTION

COMES NOW MOHAMMED MANZOOR AHMED (hereinafter "Plaintiff AHMED" or "Plaintiff") by and through the undersigned attorney, in the above cause, and states as follows:

1. This action is brought as a result of Defendants' failure to adjudicate Plaintiff AHMED's Form N-400, Application for Naturalization, ("Application") within a reasonable period of time. The Application has been in pending status for a total period of three year and nine months (over 45 months or 1384 days). The Plaintiff has a clear right to adjudication of his application within a timely manner. The INA requires USCIS to decide an application within 120 days of a naturalization examination. 8 U.S.C.A. § 1447(b). At the time of this filing, it has been 1000 days since the last examination of the Plaintiff was held.

2. The final adjudication of the Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

4. This action is additionally brought before this Court to exercise its jurisdiction over the Application, and make a decision on the same, under 8 U.S.C. § 1447(b) as a period of over 120 days has elapsed since the Plaintiff's naturalization examination and no decision has been made by the Defendants.

5. Furthermore, the delay in making a decision on Plaintiff's Application extends well beyond Congress's guideline of 180 days for immigration benefits under 8 U.S.C. § 1571.

6. Defendants cannot reasonably continue to use COVID-19 as a defense to their failure to adjudicate the Application as any in-person interactions that are necessary or routine have

already taken place; as such, COVID-19 related issues do not prohibit an officer's issuance of a decision in this matter.

## PARTIES

7.  Plaintiff MOHAMMED MANZOOR AHMED is citizen of India and for purposes of the instant action he is a resident of Baltimore County, Maryland. He is the Applicant of a properly filed Form N-400, Application for Naturalization [Receipt# IOE9737359914] with United States Citizenship and Immigration Services (hereinafter "USCIS").

8.  Defendant KRISTI NOEM is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against her in her official capacity. Defendant NOEM is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

9.  Defendant JOSEPH B. EDLOW is the Director of USCIS; he is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against him in his official capacity.

10. Defendant PAM BONDI is the Attorney General of the United States; she is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against her in her official capacity.

## JURISDICTION AND VENUE

11. This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to

compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.,* because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

12. Venue is proper in the District Court for the District of Maryland pursuant to 28 U.S.C. § 1391(e) in that this is the district in which the Plaintiff resides, and no real property is at issue in the instant case.

## EXHAUSTION OF REMEDIES

13. The Plaintiff has repeatedly requested the Defendants to make a final decision on his Application.

14. The Plaintiff has exhausted his administrative remedies. Plaintiff has supplied USCIS with documentation that establishes Plaintiff's eligibility for approval of his Application.

15. There are no further administrative remedies available for Plaintiff to utilize.

## FACTUAL ALLEGATIONS

16. On May 21, 2022, Plaintiff properly filed and paid the requisite fee in the amount of $725 for Form N-400, Application for Naturalization with the United States Citizenship and Immigration Service ("USCIS") [Receipt# IOE9737359914].  **[EXHIBIT A].**

17. On May 21, 2022, Plaintiff received a notice from USCIS informing him that it would be able to reuse his previously captured fingerprints and other biometrics. Accordingly, Plaintiff would not be required to appear at a designated USCIS Application Support Center. **[EXHIBIT B].**

18. On June 1, 2023, Plaintiff completed his naturalization interview with a USCIS officer at the field office in Baltimore, Maryland. **[EXHIBIT C].**

19.

20.    Plaintiff's Application now continues to be pending with USCIS for over a total period of three years and nine months (over 45 months or 1384 days) since the date Plaintiff filed his Application with USCIS, and for over two year and nine months (over 33 months or 1008 days) since the date of his last examination.

21.    The INA requires USCIS to decide an application within 120 days of an examination being conducted. 8 U.S.C.A. § 1447(b).

22.    Defendants have refused to provide further explanation which would merit the need for withholding adjudication on Plaintiff's case for over 1008 days (over two years and nine months or 33 months) since his last examination.

23.    Plaintiff has endured significant financial burdens as a result of the unreasonable period of time that his Application has been pending. Despite showing that he merits approval of his Application, Plaintiff has, without any legitimate and lawful reason, been deprived of the rights and benefits that are afforded to citizens of the United States upon naturalization.

## COUNT I

### VIOLATION OF THE APA- FORM N-400

24.    All prior paragraphs are re-alleged as if fully stated herein.

25.    Plaintiff has a statutory right to apply for and receive an adjudication of his application pursuant to 8 U.S.C. § 1446 and § 1447(b).

26.    Defendants have a duty to adjudicate Plaintiff's Application within a reasonable period of time under 5 U.S.C. §555(b).

27.    The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

28. Defendants have conducted an initial investigation and have sufficient information and documentation about Plaintiff to adjudicate his Application.

29. A period of 1376 days has elapsed since the Plaintiff's Application was filed, and a period of 1000 days have elapsed since the Plaintiff was subjected to his last examination, accordingly Plaintiff's Application has necessarily been pending for an unreasonably long period of time.

30. Defendants have failed in their statutory duty to adjudicate Plaintiff's Application within a reasonable period of time.

31. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on Plaintiff AHMED's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to Plaintiff AHMED's case.

32. Defendants' delay in this case is, as a matter of law, arbitrary, capricious, or otherwise not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff's Application, thereby depriving Plaintiff of the rights to which he is entitled.

33. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Also, as a result of Defendants' actions, Plaintiff has been denied his right to become a citizen of the United States and enjoy the benefits thereof.

## COUNT II

### 8 USCA § 1447(b) –JURISDICTION OF THIS COURT OVER APPLICATION

34. All prior paragraphs are re-alleged as if fully stated herein.

35. The INA requires USCIS to decide an application within 120 days of an interview being conducted. 8 U.S.C.A. § 1447(b).

36. A period of over two years and nine months (over 33 months or 1008 days) has lapsed since the naturalization examination of the Plaintiff was completed.

37. The government inaction in this matter constitutes a violation of its responsibility to decide Plaintiff's citizenship Application within a timely and efficient manner and within the prescribed 120 days after the examination of the Plaintiff. 8 U.S.C. § 1447(b).

38. With the filing of the instant petition, this Court has jurisdiction over the Application.

39. Plaintiff requests this Court to provide a hearing to adjudicate the Application or, in the alternative, for the court to review the record of the administrative agency and grant citizenship to the Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court remove jurisdiction from Defendants to exercise its own jurisdiction over the Plaintiff's Application and adjudicate the same.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), and such other and future relief as this Court deems proper under the circumstances.

Date: March 5, 2026                              Respectfully submitted,

      /s/ Sadaf F. Ahmed
**Sadaf F. Ahmed, Esq. (3668749)**
**JEELANI LAW FIRM, PLC**
**3701 W. Algonquin Road, Suite 630**
**Rolling Meadows, IL 60008**
**sadaf@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*